# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruben Bracamontes-Reyes, | No. CV 18-1301-PHX-DLR (JZB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Jeff B Sessions, III, et al., | |
| Respondents. | |

TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE:

Petitioner Ruben Bracamontes-Reyes has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) On August 12, 2016, Petitioner was detained pursuant to the government's intent to reinstate a prior removal order. Petitioner claimed a fear of returning to his home country, and requested a bond hearing while his asylum claim was under consideration. Petitioner's request for a hearing was denied, and Petitioner subsequently filed this matter. But on June 22, 2018, Petitioner advised the Court that the petition and pending motions are moot because Petitioner was granted a bond hearing and was released from custody. Therefore, the Court recommends the matter be dismissed with prejudice.

## I.     Procedural history.

### A.     Prior removal.

On January 17, 2003, Petitioner was removed from the United States pursuant to an

order of removal. (Doc. 1-6, Ex. D, at 2.)

**B.    Withholding only.**

On January 21, 2003, Petitioner "illegally reentered the United States on or about January 31, 2003, at or near Sasabe, Arizona." (*Id.*) On June 15, 2016, police officers in Marana, Arizona arrested Petitioner on outstanding warrants and released to him to DHS officers. (Doc. 1-5, Ex. C, at 3-4.) On August 12, 2016, DHS served Petitioner with a Notice of Intent/Decision to Reinstate Petitioner's Prior Removal Order. (Doc. 1-6, Ex. D, at 2-3.) That same day, August 12, 2016, Petitioner claimed a fear of returning to his home country and was referred to an asylum officer for a reasonable fear interview. (Doc. 1-7, Ex. E, at 2.)

On April 19, 2018, Petitioner requested a bond hearing with an immigration judge (doc. 1-10, ex. H, at 2), who denied the motion due to lack of jurisdiction (doc. 1-11, ex. I, at 2). On or about April 25, 2018, Petitioner appealed this denial to the Board of Immigration Appeals. (Doc. 1-12, Ex. J, at 2.) Petitioner advised that the appeal was pending. (Doc. 1 at 7.)

**C.    Habeas Petition and Motion for Preliminary Injunction.**

On April 26, 2018, Petitioner filed the Petition requesting he "be afforded a proper bond hearing by the Florence Immigration Court." (Doc. 1 at 2.) Also on April 26, 2018, Petitioner filed a Motion for Preliminary Injunction and/or Motion for Temporary Restraining Order. (Doc. 2.) On May 24, 2018, Respondents filed a Response. (Doc. 12.)

On June 7, 2018, Petitioner filed a Motion to Expedite Ruling on Petition for Habeas Corpus. (Doc. 15.) Petitioner argued that "U.S. Magistrate Judge, Jacqueline Scott Corley, of the U.S. District Court of the Northern District of California, issued her Order Re Plaintiff's Motions for Class Certification and Preliminary Injunction in *Aleman-Gonzalez, et al., v. Sessions, et al.*, 18-cv-01869-JSC, on June 5, 2018." (*Id.* at 2.) In that matter, Magistrate Judge Corley ruled that the "Government is enjoined from detaining Plaintiffs and the class members pursuant to section 1231(a)6) for more than 180 days without [] providing each a bond hearing before an IJ as required by *Diouff II*." (Doc. 14-1, Ex. 1, at

20.) Petitioner argues that because *Aleman-Gonzalez* was "controlling," Petitioner was entitled to an order requiring Petitioner be afforded a release "hearing before an Immigration Judge." (*Id.*)[1]

### D. Petitioner's release from custody.

On June 15, 2018, Respondents advised the Court that Petitioner was set for a bond hearing on June 20, 2018. (Doc. 17 at 1.) On June 22, 2018, Petitioner filed a response stating that Petitioner "concedes that his petition for habeas relief, and the accompanying motion for preliminary injunctive relief are, in fact, moot because Petitioner has now received a bond hearing, and has been released from detention." (Doc. 19 at 1.)

### II. The Petition and Motion are moot.

The Court may grant a writ of habeas corpus to a detainee who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). 8 U.S.C. § 1231 governs the detention of aliens whose order of removal is administratively final. "The case or controversy requirement of Article III admonishes federal courts to avoid premature adjudication and to abstain from entangling themselves in abstract disagreements." *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1208 (10th Cir. 1999) (internal quotation marks and citations omitted). The Court must dismiss a case as moot if, at any point, it becomes certain either that "'the allegedly wrongful behavior could not reasonably be expected to recur,'" *Friends of the Earth Inc. v. Laidlaw Environmental Assoc. (TOC), Inc.*, 528 U.S. 167 (2000) (citation omitted), or that there is no effective relief remaining for the court to provide. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996). The case or controversy requirement warrants a finding of mootness if: (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petitioner with the relief sought. *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997). The Court does not have subject matter jurisdiction to consider a habeas claim that is moot. *See, e.g.*, *McCullough v. Graber*, 726 F.3d 1057, 1060 (9th Cir. 2013).

---

[1] The Court notes that Petitioner's counsel, Matthew Green, was appointed as class counsel in the *Aleman-Gonzalez* case. (*See* Doc. 14-1 at 18.)

Here, Petitioner sought release from detention, but he is no longer detained. Petitioner's case is rendered moot because there is no case or controversy. *See Spencer v. Kemna*, 523 U.S. 1 (1998) ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."); *Abdala v. INS*, 488 F.3d 1061, 1064-65 (9th Cir. 2007) (discussing and collecting cases wherein a petitioner's release from detention or parole or their removal rendered a habeas petition moot); *Mensah-Yawson v. Lowe*, No. 3:16-cv-200, 2016 WL 3704878, *1 (M.D. Pa. July 12, 2016) ("[T]he habeas petition challenges petitioner's continued detention pending removal. Because petitioner has since been released from ICE custody and removed from the United States, the petition no longer presents an existing case or controversy. Accordingly, the instant habeas corpus petition should be dismissed as moot.").[2]

**III.    Conclusion.**

Petitioner seeks release from confinement. Because Petitioner is no longer in custody and has been removed from the United States, his Petition is moot.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.[3]

**IT IS FURTHER RECOMMENDED** that the Motion for Preliminary Injunction

---

[2] In a status report, Petitioner states that "[a]lthough Petitioner does not object to dismissal of the underlying petition as moot, he does so with the understanding that he is the 'prevailing party' as defined in 28 U.S.C. § 2412(a)(1)." (Doc. 19 at 2.) Respondents oppose Petitioner's assertion (doc. 20) and correctly note that Petitioner has yet received no relief from the filing of this case. The question of attorney fees is not before this Court.

[3] The Petition should be dismissed with prejudice. *See Abdala,* 488 F.3d at 1065 ("Abdala's attempt to amend his habeas petition after his deportation could not revive his petition. He sought to file an amended petition . . . after he was released from custody and deported to Somalia. As Abdala was no longer 'in custody' within the meaning of [the habeas statute] when he attempted to amend his petition, his petition was moot and there was nothing to amend."); *Noyola v. DHS*, No. SA CV 15-00544-JCG, 2015 WL 3644006 (C.D. Cal. June 8, 2015) ("Petitioner's removal renders the instant Amended Petition moot. . . . Hence, the Amended Petition does not present a live controversy and must be dismissed with prejudice . . . .") (emphasis added).

- 4 -

and/or Motion for Temporary Restraining Order be **DENIED AS MOOT**. (Doc. 2.)

**IT IS FURTHER RECOMMENDED** that the Motion to Expedite Ruling on Petition for Habeas Corpus be **DENIED AS MOOT**. (Doc. 15.)

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Dated this 28th day of June, 2018.

Honorable John Z. Boyle
United States Magistrate Judge

- 5 -